UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 22-15166

**Case Name** Coronavirus Reporter, et al. v. Apple, Inc. et al.

**Counsel submitting this form** Attorney Keith Mathews

**Represented party/parties** Coronavirus Reporter, Calid, Inc. Primary Productions, LLC.

*Briefly describe the dispute that gave rise to this lawsuit.*

This lawsuit is a class action seeking to redress the injustices Apple committed to the app developer base that their monopoly necessarily relies on the exist. Plaintiffs, a coalition of developers and a world renowned doctor bring this action to address the anti-competitive business practices in the Sherman-Act regulated marketplace for smartphone apps that have become the norm at Apple. The Company has censored and oppressed app developers Coronavirus Reporter, CALID, Primary Productions, Dr. Jeffrey Isaacs, and countless other class members.

This matter is a first to file class action addressing Apple's censorship of free apps, constituting Sherman Act and RICO violations directed against the institutional smartphone application software marketplace. The result of this censorship is the loss of millions of person-hours of work due to improper app rejections.

The Plaintiffs are a variety of app developers from entertainment to videoconferencing to the tracing and prevention of the spread of COVID 19. Plaintiffs have requested a preliminary injunction to prevent the continued censorship of their apps which was denied by the District Court.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

Plaintiffs' complaint should not have been unceremoniously dismissed on a 12(b)(6) motion. It laid out clearly the relevant marketplace definitions and Apple's role as a monopolist within those markets. Plaintiffs cutting edge theory regarding Apple being a consumer of apps was defined with specificity and should have moved to discovery as to whether or not Apple is a purchaser of apps is a question of fact.

Plaintiffs' case was the first to file for a claim that Apple has a monopoly on free apps, as courts have found that free products can compete in antitrust markets with positively priced alternatives.

The court improperly dismissed Plaintiffs' claims stating that the Plaintiffs' marketplace definitions are unclear. This is incorrect given the ease at which Plaintiffs explained the relevant markets and the boundaries thereto both in the complaint at hearing and in light of recent guidance from the Department of Justice on this issue. The Plaintiffs' market theory was extensively and specifically delineated in their pleadings.

Finally, in any case leave to amend an second amended complaint was denied which represents an abuse of discretion. This is also Plaintiff Jeffrey Isaacs' position

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

A related appeal filed by Dr. Jeffrey Isaacs has been filed regarding the same order in this Court 22-15166

**Signature** /s/ Keith A. Mathews, Esq.   **Date** 02/10/2022

(use "s/[typed name]" to sign electronically-filed documents)

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  2  Rev. 12/01/2018