No. 22-15166

———————————————

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————————————

CORONAVIRUS REPORTER et al.,

*Appellants*,

*v.*

APPLE INC.,

*Appellee*.

———————————————

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:21-cv-05567-EMC

———————————————

## APPELLEE APPLE INC.'S MOTION TO CONSOLIDATE CASES

———————————————

| | |
|---|---|
| Cynthia Richman | Rachel S. Brass |
| Zachary B. Copeland | Julian W. Kleinbrodt |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1050 Connecticut Ave, NW | 555 Mission St., Suite 3000 |
| Washington, DC 20036 | San Francisco, CA 94105 |
| | (415) 393-8293 |
| | RBrass@gibsondunn.com |

*Attorneys for Apple Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned counsel of record certifies that Apple Inc. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: August 29, 2022

s/ *Rachel S. Brass*
Rachel S. Brass

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), Appellee Apple Inc. moves the Court for an order consolidating this case with Case No. 22-15167. The appeals arise out of the same underlying district court proceedings and orders, and involve identical issues and overlapping parties. Plaintiffs-Appellants will suffer no prejudice from consolidation, and consolidation would allow Apple to file a single brief in response to Appellants' two opening briefs, reducing the burden of these cases on the Court. There is no reason these cases should be decided by two separate panels of this Court as consolidation would serve the interests of justice, promote judicial economy, and result in no delay. Appellants oppose the relief requested at this time, and believe consolidation should occur after briefing is complete. That approach would be substantially less efficient and more burdensome on the Court. Apple's motion should be granted.

## BACKGROUND

On September 6, 2021, plaintiffs Jeffrey Isaacs, Coronavirus Reporter, Calid Inc., and Primary Productions LLC filed a joint First Amended Complaint ("FAC") against Apple. ECF No. 41.[1] The eleven-count FAC asserted antitrust, contract, fraud, and racketeering claims against Apple, primarily concerning Apple's App Store business model. *Id.* Apple moved to dismiss the FAC on September 20. ECF

---

[1] Unless otherwise noted, "ECF No." citations are to the district court docket.

No. 45. Plaintiffs jointly briefed this motion—with filings signed by Isaacs, representing himself *pro se*, and by counsel representing the other three plaintiffs. *See, e.g.*, ECF No. 55. On September 24, 2021, the non-Isaacs plaintiffs filed a motion for a preliminary injunction against Apple. ECF No. 50. Then, on November 30, the district court—in a single order—granted Apple's motion to dismiss the FAC and denied plaintiffs' preliminary-injunction motion. ECF No. 85. The district court later denied separate motions for reconsideration filed by Isaacs and the other three plaintiffs, again in a single order. ECF No. 103.

The four plaintiffs filed two separate notices of appeal of the district court's orders, resulting in two dockets in this Court: No. 22-15167 (with Isaacs as Appellant), and this case, No. 22-15166 (with the other three plaintiffs as Appellants). Both appeals challenge the same underlying orders, and the arguments advanced in Appellants' opening briefs overlap considerably.

## ARGUMENT

### I. Consolidation would serve the interests of justice.

Federal Rule of Appellate Procedure 3(b)(2) provides that "[w]hen the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Rule 3(b)(2) is designed to "encourage consolidation of appeals whenever feasible." 1967 Advisory Committee Notes to FRAP 3. Accordingly, this Court has stated that consolidation is appropriate when jurisdiction

over each appeal is proper and consolidation would be "in the interests of justice." *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978).

Here, it would plainly be in the interests of justice for these appeals (over which this Court's jurisdiction is undisputed) to be consolidated. They both arise from the same district court proceedings. A single FAC asserted all relevant claims on behalf of all plaintiffs against Apple, and both appeals concern the very same district court orders. In other words, both appeals implicate the same issues: the district court's dismissal of the FAC and denial of the preliminary-injunction motion. And the two opening briefs make overlapping arguments, relating to antitrust market definition, plaintiffs' "tying" claim, breach of contract, and RICO claims, purported "opt-out" claims, and whether the district court should have granted leave to amend the FAC. *See generally* CA9 ECF No. 17; CA9 Case No. 22-15167, ECF No. 8.

Because these appeals turn on the same legal principles applied to the same alleged facts, there is no need to submit them to separate panels or to require Apple to file two briefs. This Court routinely consolidates in such circumstances. *See, e.g.*, *Armstrong v. Brown*, 732 F.3d 955, 960 (9th Cir. 2013) (consolidating appeals because "both raise the same challenge to the scope" of an injunction); *Cal. Alliance of Child & Family Servs. v. Wagner*, 425 F. App'x 660, 661 (9th Cir. 2011) ("These appeals concern the same parties and legal issues and have been consolidated for the purpose of disposition."); *Gerritsen v. City of L.A.*, 994 F.2d 570, 572 (9th Cir. 1993)

3

("The cases have been consolidated on appeal as they raise similar issues."); *California v. Mesa*, 813 F.2d 960, 961 n.1 (9th Cir. 1987) (stating that when cases raise "the same legal issues," they should be "consolidated on appeal"); *Nichols v. United States*, 633 F.2d 829, 830 (9th Cir. 1980) ("Both appeals raise the same issues and have been consolidated herein."). Consistent with this Court's regular practice, the two appeals here should be consolidated to eliminate the risk of inconsistent decisions.

**II. Judicial economy weighs heavily in favor of consolidation.**

For the same reasons, it would promote judicial economy to consolidate the appeals. Apple wishes to file a single, regular-length brief responding to both opening briefs filed by Appellants. This would conserve Apple's resources, as well as the Court's, which would have to review only one comprehensive brief from Apple. And it will impose no prejudice on Appellants, as Apple seeks neither the additional pages it would have if it filed separate briefs, nor a single brief in reply from all Appellants. Consolidating the appeals *after* briefing is complete, as Appellants propose, would avoid all of these efficiencies, as Apple would be required to submit—and the Court would be required to review—two briefs. This approach would be more burdensome on the Court, with no corresponding benefit.

It would also promote judicial economy for both cases to be reviewed at the same time, by the same panel, given the identical facts, events, and issues in contention—as this Court has repeatedly recognized. *See, e.g.*, *Janka v. Dep't of Transp.*, 925 F.2d 1147, 1149 (9th Cir. 1991) (appeals consolidated "[b]ecause the two cases arose out of the same incident"); *United State v. Attardi*, 796 F.2d 257, 259 (9th Cir. 1986) ("We consolidate [the two] appeals, which arise from the same events."); *United States v. Hauser*, 603 F.2d 94, 95 n.1 (9th Cir. 1979) (granting motion to consolidate "[b]ecause the issues raised in [the] two appeals are precisely the same"). It would be redundant and unnecessary for two panels of this Court to review what is effectively the same case. And review by only one panel would avoid the risk of inconsistent results that failure to consolidate could create. *Cf. Mesa*, 813 F.2d at 961 n.1; *Bianchi v. Blodgett*, 925 F.2d 305, 311 (9th Cir. 1991).

### III. No delay would result from consolidation.

Consolidation of these appeals would not result in any delay to proceedings. Both appeals are currently progressing on the same timeline, with identical briefing schedules. Consolidation would not modify the briefing schedule.[2] If anything, consolidation will allow the parallel cases to proceed more quickly, because only one panel will need to review the briefing and hear oral argument (if scheduled).

---

[2] Apple intends to request a streamlined extension of time to file its brief under Circuit Rule 31-2.2 regardless of whether the cases are consolidated.

## CONCLUSION

For these reasons, this Court should consolidate Case Nos. 22-15166 and 22-15167.

Dated: August 29, 2022                    Respectfully submitted,

                                          s/ *Rachel S. Brass*

Cynthia Richman                           Rachel S. Brass
Zachary B. Copeland                       Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP               GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW                  555 Mission St., Suite 3000
Washington, DC 20036                      San Francisco, CA 94105
                                          (415) 393-8293
                                          RBrass@gibsondunn.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 1192 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

I certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d) because this brief has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word 2016.

Dated:  August 29, 2022

                                                s/ *Rachel S. Brass*
                                                Rachel S. Brass

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Motion to Consolidate Cases** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 29, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 29, 2022

                                                         s/ *Rachel S. Brass*
                                                        Rachel S. Brass