**No. 22-15166**

# In the United States Court of Appeals for the Ninth Circuit

CORONAVIRUS REPORTER, CALID INC,
PRIMARY PRODUCTIONS LLC,

*Plaintiffs-Appellants,*

v.

APPLE INC.

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:21-cv-05567-EMC
Hon. Edward M. Chen

**APPELLANTS' OPPOSITION TO MOTION TO CONSOLIDATE**

KEITH MATHEWS
ASSOCIATED ATTORNEYS OF NEW ENGLAND
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants
    Coronavirus Reporter, Calid Inc.,
    Primary Productions LLC*

## APPELLANTS' RESPONSE TO APPLE'S MOTION TO CONSOLIDATE

On December 26, 2021, Coronavirus Reporter noticed a "Preliminary Injunction Appeal" in the Ninth Circuit, intended to urgently appeal the District Court's denial of the September 24th Motion for Preliminary Injunction to enjoin App Store censorship. (Case 21-17123). Simultaneously, Coronavirus Reporter filed a Motion for Reconsideration with the District Court seeking relief on the erroneous Federal Rule 12 dispositive decision.

Appeal 21-17123 was not tracked for the intended interlocutory status, as the Court determined abeyance was mandatory when "motions listed in Federal Rule of Appellate Procedure 4(a)(4)" were pending. The District Court promptly issued its order on the Motion for Reconsideration, and in an effort to streamline matters and reduce burden on the Court, Plaintiffs-Appellants chose to consolidate the Preliminary Injunction appeal by filing the current *de novo* appeal:

> *"Coronavirus Reporter had previously filed a Notice of Preliminary Injunction Appeal after the denial of the Motion for Preliminary Injunction. Upon information and belief, that Appeal was never processed as an immediate injunction appeal, which was the intent given that an evidentiary Rule 59/Rule 60 and Rule 37 Evidence Spoliation and Fraud on the Court Sanctions hearing had been requested by the parties. The time duration of those hearings, with discovery requested into the evidence spoliation, could have been significant to properly adjudicate. Because no evidentiary hearing was ever held on any of those motions, Plaintiffs now intend to consolidate the preliminary injunction appeal with this appeal of the wholly improper premature closure of this case." (*Coronavirus Reporter's Notice of Appeal*)*

That consolidation took place on February 2, 2022. Seven months later, Apple wishes to depart from the Federal Rules of Appellate Procedure and interrupt the active briefing process to consolidate a *third* appeal – filed by a *pro se*[1] party who did not participate in the Motion for Preliminary Injunction, and who does not represent the class action. This is impermissible according to Apple's own case law references, and Gibson Dunn's prior position on such untimely requests to consolidate non-identical appeals.

Instructive here is Gibson Dunn's opposition to an analogous motion to consolidate, when the firm represented *Viacom International*. In their pleading filed with the Second Circuit, Gibson Dunn acknowledged that a case with "some commonalities" might suggest a single panel tandem appeal, but it does not warrant full consolidation. Gibson Dunn also acknowledged that an untimely motion for consolidation two months into a briefing schedule is certain to prejudice the appellants. Here, Appellants are seven months and mid-way into the briefing process. Finally, Gibson Dunn pointed out that factual and legal issues in the separate proceedings are "far from identical," when one party represents a class and another party seeks to appeal denial of infringement claims. As Gibson Dunn

---

[1] Apple has not cited a single case where a class action anti-trust appeal was consolidated with a *pro se* appeal. The *pro se* opening brief Apple wishes to join with this case has already been filed informally, without excerpts of record or table of authorities. Because of potential differences in the Ninth Circuit handling of informal *pro se* briefings, consolidation of the record is likely to result in inefficiencies.

2

explained, consolidation of non-identical appeals is a departure from the Rules that would prejudice the appellants:

> "*Viacom* respectfully oppose *Google, Inc. / "Youtube"* motion to consolidate to the extent the motion seeks to **depart from the briefing conventions set forth in the Federal Rules of Appellate Procedure**.
>
> The *Viacom* and *Premier League* appellants do challenge the same district court ruling, and the appeals do therefore have some commonalities. That might suggest that a single panel should consider the two appeals in tandem. But it does not recommend the manner of consolidation that YouTube suggests.
>
> Contrary to YouTube's contentions, the **factual records and legal issues in the separate proceedings are far from identical**… Although both appellants seek to overturn the district court's ruling on the applicability of the DMCA defense, Viacom also **intends to appeal the denial of its infringement claims** as well.
>
> YouTube's **proposal to depart from those Rules is certain, on the other hand, to prejudice the appellants, coming as it does almost two months into the briefing schedule.** The appellants filed their separate notices of appeal in August. Consistent with Local Rule 31.2(a)(1)(A), the appellants each requested that their opening briefs be due December 3, 2010. **Far from minimizing the burdens on the parties, consolidation of the appeals at this juncture would require Viacom to reassess strategic decisions relating to its brief and require significant negotiations and coordination with the Class. And that prejudice, of course, is amplified by the numerous aforementioned differences between Viacom's appeal and that of the Class.**" (*Viacom International v. Youtube*, 2010 WL 2532404 (S.D.N.Y. 2010) Also see https://cases.justia.com/federal/appellate-courts/ca2/10-3270/45/0.pdf )

*Viacom* is analogous here, where the lead class plaintiff is primarily seeking review of a preliminary injunction pursuant to Sherman Act but a *pro se* party wishes to appeal infringement claims. The parties filed separate Motions for

3

Reconsideration. Dr. Isaacs' informal opening brief focuses on the District Court refusal to permit a *pro se* party even a single amendment in light of a new patent issue. This is non-identical to the Coronavirus Reporter opening brief, which largely concerns its Sherman Act preliminary injunction motion. While both parties signed the FAC, that alone is insufficient to warrant full consolidation as the legal and factual issues remain non-identical.

Apple's sole justification is that a single brief would purportedly promote judicial economy. But like *Viacom*, Apple is free to file the same brief in tandem cases, and the burden of doing so is negligible. On the other hand, mandating a consolidated record is unlikely to promote judicial economy. In fact, it could stir confusion into the briefing process and shift attention from a preliminary injunction likely to succeed on Appellant's tying claim – which might be Apple's true strategy for seeking joinder of a non-party to the injunction.

Apple's motion lists countless authorities stating that consolidation – typically at the disposition stage rather than briefing – applies to "identical" appeal matters:

1. *Armstrong v. Brown*, 732 F.3d 955, 960 (9th Cir. 2013) (consolidating appeals because "both raise the same challenge to the scope" of an injunction)

4

2. *California v. Mesa*, 813 F.2d 960, 961 n.1 (9th Cir. 1987) (stating that when cases raise "the same legal issues," they should be "consolidated on appeal")

3. *Nichols v. United States*, 633 F.2d 829, 830 (9th Cir. 1980) ("Both appeals raise the same issues and have been consolidated herein.")

4. *Janka v. Dep't of Transp.,* 925 F.2d 1147, 1149 (9th Cir. 1991) (appeals consolidated "[b]ecause the two cases arose out of the same incident");

5. *United States v. Hauser*, 603 F.2d 94, 95 n.1 (9th Cir. 1979) (granting motion to consolidate "[b]ecause the issues raised in [the] two appeals are precisely the same")

6. *United State v. Attardi*, 796 F.2d 257, 259 (9th Cir. 1986) ("We consolidate [the two] appeals, which arise from the same events.")

7. *Cal. Alliance of Child & Family Servs. v. Wagner*, 425 F. App'x 660, 661 (9th Cir. 2011) ("These appeals concern the same parties and legal issues and have been consolidated for the purpose of disposition.")

It is clear that none of these enumerated cases apply to *Coronavirus Reporter*. Clearly, the appeals are not "precisely the same" issues nor do they "arise out of the same incident." Coronavirus Reporter's claims pertain to the February 2020 censorship of its pandemic tracking app. Dr. Isaacs' claims involve app ranking discrepancies in 2017, evidence spoliation at an unknown time, and patent

infringement and retaliation dating back to 2014. The critically important injunction is simply not raised in the *pro se* brief[2].

Coronavirus Reporter informed Apple that it had no objection to hearing the appeals in tandem – the same outcome that the *Viacom* Second Circuit court decided was appropriate in such circumstances. Counsel also informed Apple it had no objection to consolidation on disposition – the outcome of nearly every authority cited in Apple's Motion. But to interrupt briefing to join a *pro se* party who was not involved with the Preliminary Injunction is without precedent and would prejudice all appellants and would be unlikely to promote judicial economy.

This is an injunction that should have been deemed to have a probability of success stemming from a *per se* tying standard of review. Apple's motion acknowledges they have set their sights on this tying claim, placing it in quotations, distinct from all other causes of action (*Motion to Consolidate* at 3). The injunction appeal was already held in abeyance – and consolidated once. Apple's motion is a strategic effort to further bury the injunction with an unrepresented non-party to the injunction is simply not within the realm of the FRAP.

Delays in enforcing Apple's anticompetitive conduct – from stalled Senate bills supported by the overwhelming majority of the population, to civil cases such

---

[2] The definition of relevant Sherman Market and Antitrust Injury could be appropriate legal issues for consolidation on disposition. Apple declined to assent to a request to defer this motion until after briefing and/or oral argument.

as this, *Pepper,* and *Epic* facing years of appeals, are not in the nation's best interests. A consolidation to strategically cast aside a preliminary injunction appeal is not in the public interest. Apple's only basis for consolidation – to avoid filing their opening brief in two cases, is simply not compelling. As Gibson Dunn unambiguously acknowledged, a merger of records for non-identical claims, particularly requested so late that briefing is actually underway, is "certain to prejudice appellants."

    For the aforementioned reasons, Apple's Motion to Consolidate Cases should be denied. In the alternative, this Court should adopt the *Viacom* outcome permitting tandem appeals.

Date: September 6, 2022　　　　　　　ASSOCIATED ATTORNEYS OF NEW ENGLAND

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*
　*Coronavirus Reporter, Calid Inc.,*
　*Primary Productions LLC*

7

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**Certificate of Compliance**

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 1603 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

I certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d) because this brief has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word 2016.


**Signature** ____*/s/ Keith Matthews*_____ **Date** _____9/6/22____


**Certificate of Service**


I hereby certify that I electronically filed the foregoing Response to Motion to Consolidate with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 6, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.



**Signature** ____*/s/ Keith Matthews*_____ **Date** _____9/6/22____