No. 22-15166

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

CORONAVIRUS REPORTER et al.,

*Appellants*,

*v.*

APPLE INC.,

*Appellee*.

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:21-cv-05567-EMC

_____

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES**

_____

| | |
|---|---|
| Cynthia Richman | Rachel S. Brass |
| Zachary B. Copeland | Julian W. Kleinbrodt |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1050 Connecticut Ave, NW | 555 Mission St., Suite 3000 |
| Washington, DC 20036 | San Francisco, CA 94105 |
| | (415) 393-8293 |
| | RBrass@gibsondunn.com |

*Attorneys for Apple Inc.*

## DISCUSSION

Apple's motion requests straightforward relief: consolidation of Case Nos. 22-15166 and 22-15167. The cases involve virtually identical factual and legal issues. Consolidation would serve judicial economy and the interests of justice by allowing both cases to be briefed together, argued together, and decided together, all before a single panel. That is precisely how they were litigated below. There was one district court case; the operative First Amended Complaint ("FAC") was filed and signed by all Appellants; Appellants jointly briefed and argued the dispositive motion to dismiss; and the district court disposed of all claims in a single order (later denying reconsideration), on identical grounds for every Appellant. Apple does not seek to impose any constraints on how Appellants brief their case: instead, Apple simply wants to file a single brief in response to Appellants' two opening briefs, which address overlapping issues.

Appellants' opposition makes several arguments against consolidation, all of which are unpersuasive. They begin by misstating what happened when they were last before this Court. On December 27, 2021, three Appellants noticed an appeal from the same district court order at issue now. ECF No. 88.[1] According to Appellants, that appeal was "consolidated" with one of the appeals here, Case No. 22-

---

[1] "ECF No." citations are to the district court docket.

15166. Opp'n 1–2. In fact, Appellants never paid the required filing and docketing fees, and the appeal was "dismissed for failure to prosecute." 9th Cir. Case No. 21-17123, Dkt. 7 (Jan. 26, 2022). In any event, even if Appellants were correct that the appeal had somehow been "consolidated," that would not support any opposition to the consolidation of the current appeals in the interests of justice and judicial economy.

Next, Appellants seek to portray the two cases as somehow presenting distinct factual and legal issues. Opp'n at 3–4. None of these purported differences was surfaced in the district court. And nothing Appellants point to (most of which is outright wrong or at odds with the FAC) is of any legal relevance to these appeals or whether they should be consolidated:

1. Appellants contend that three of them are primarily concerned with the district court's denial of a preliminary injunction, while Isaacs "wishes to appeal infringement claims." Opp'n at 3. But "the FAC never asserted a patent infringement claim," and any patent allegation would bear "no connection to the claims that the Court dismissed." ECF No. 103 at 6. Nor does Appellants' apparent desire to focus on the denial of their preliminary-injunction motion matter, because in a single order the district court dismissed all of Appellants' claims *on the merits* for failure to allege a plausible relevant market or antitrust injury. ECF No. 85 at 9–10. The request for a preliminary injunction was then denied as moot because Appellants'

antitrust claims had no likelihood of success. *Id.* at 31. The core issues to be addressed in this appeal, therefore, are whether the district court's relevant market and antitrust injury determinations were correct—issues that Appellants themselves concede "could be appropriate legal issues for consolidation on disposition." Opp'n at 6 n.1.

2. Appellants then take a different tack, asserting that Appellant Coronavirus Reporter's underlying *claims* are distinct from Isaacs' claims. Opp'n at 5–6. This unsupported assertion is similarly untethered to the FAC, which asserts each claim on behalf of every Appellant. *See, e.g.*, ECF No. 41 ¶¶ 192, 204, 226 (asserting claims on behalf of "Plaintiffs," in gross). Appellants also attempt to distinguish Isaacs on the basis that he "does not represent the class action." Opp'n at 2. But the fact that during the course of the litigation Isaacs elected to proceed *pro se*, and thus is legally ineligible to serve as named plaintiff, *see McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966), has no bearing on the issues presented in the FAC. There, Appellants alleged that Isaacs has "paid nearly a decade" in fees to Apple, "either directly or through [his] controlled entities, and *therefore ha[s] standing to represent the proposed class members*." ECF No. 41 ¶ 175 (emphasis added).

3. Appellants assert that the fact that Isaacs is purportedly *pro se* weighs against consolidation. Opp'n at 2 n.1. As an initial matter, Appellants are wrong that Isaacs filed an "informal" brief. *Id.* As Isaacs was instructed by this Court, in

3

order to be exempt from "follow[ing] the rules that apply to regular briefs," he would have had to use the "informal brief form" provided by the Court. 9th Cir. Case No. 22-15167, Dkt. 1, at pp. 1, 16–17 (Feb. 3, 2022). Isaacs chose not to do so; he filed a standard brief. 9th Cir. Case No. 22-15167, Dkt. 8 (August 12, 2022). The only procedural difference for his case, then, is that he need not file excerpts of record. Cir. R. 30-1.3. This fact weighs *in favor* of consolidation, since the other Appellants have filed an exhaustive excerpts of record, and there is no need for Apple to duplicate that record in Isaacs' case (or for the Court to review a duplicate record), as required by Circuit Rules. *See id.* Regardless, Appellants have identified no reason why Isaacs' *pro se* status alone means the cases should not be consolidated—particularly given the overlap of issues presented in Appellants' briefs.[2]

Finally, Appellants seek to rely on proceedings in an unrelated 2010 case in the Second Circuit, *Viacom International, Inc. v. Youtube, Inc.*, in which the undersigned's law firm (but none of the attorneys here) filed an opposition to a consolidation motion. Opp'n at 2–3. The similarities between the two cases end there. *Viacom* is entirely inapt: there, the moving parties sought to consolidate two appeals

---

[2] As Apple explained to the district court, Isaacs' attempt to proceed *pro se* is itself improper, because he is also the principal of the other three Appellant entities (and, as a result, is a client of Appellants' counsel). *See* ECF No. 94 at 9 n.6; 28 U.S.C. § 1654 (parties may proceed "personally *or* by counsel" (emphasis added)); *see also Samaan v. Sauer*, 2008 WL 2489004, at *2 (E.D. Cal. June 17, 2008) (explaining rationale for barring hybrid representation).

4

arising from two different district court cases raising different issues. *See* 2d Cir. Case No. 10-3270, Dkt. 45, at pp. 2–4 (Oct. 14, 2010). Here, on the other hand, Apple seeks to consolidate appeals arising from a single order, on one motion to dismiss, in one case, disposing of all claims on the same grounds as to all Appellants. Notably, the *Viacom* motion also sought to require the non-movants to coordinate their briefing and share a word count, *id.* at 4; Apple does not seek any similar relief. Indeed, in only one respect is *Viacom* relevant here: the court permitted the movants to file a single response brief, just as Apple requests now. *See* 2d Cir. Case No. 10-3270, Dkt. 51 (Oct. 18, 2010).

## CONCLUSION

For these reasons, as well as those stated in Apple's motion, Apple respectfully requests that the Court consolidate Case Nos. 22-15166 and 22-15167.

Dated:  September 13, 2022                Respectfully submitted,

s/ *Rachel S. Brass*

Cynthia Richman
Zachary B. Copeland
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW
Washington, DC 20036

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA 94105
(415) 393-8293
RBrass@gibsondunn.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 1173 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

I certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d) because this brief has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word 2019.

Dated: September 13, 2022

                                                 s/ *Rachel S. Brass*
                                                 Rachel S. Brass

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Reply in Support of Motion to Consolidate Cases** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 13, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 13, 2022

s/ *Rachel S. Brass*
Rachel S. Brass
