**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Julian W. Kleinbrodt
Direct: +1 415.393.8382
Fax: +1 415.374.8470
JKleinbrodt@gibsondunn.com

May 4, 2023

**VIA ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Coronavirus Reporter v. Apple Inc.*, Case Nos. 22-15166 & 22-15167

Dear Ms. Dwyer:

I write under Rule 28(j) regarding *Epic Games, Inc. v. Apple Inc.*, Nos. 21-16506 & 21-16695 (9th Cir. Apr. 24, 2023) (Attachment A), which upheld Apple's App Store restrictions—also challenged by Appellants—as "plainly procompetitive" and without viable alternative. Slip Op. 53, 58.

The decision supports affirmance here by underscoring the legal invalidity of Appellants' purported markets. First, *Epic* explains that Appellants must "rebut the economic presumption" against single-brand markets by showing that the challenged restrictions were "not generally known." Slip Op. 33. This is dispositive because Appellants concede that developers have *always* knowingly agreed to Apple's requirement that apps be distributed through the App Store. *See* Answering Br. 24–25; Opening Br. (Dkt. 17) 29–30; 5-ER-968. Second, *Epic* confirms that all markets—including single-brand markets—must be defined according to "principles regarding cross-elasticity of demand." Slip Op. 33–34. But as the district court here observed, Appellants do not dispute that the Complaint lacks allegations of interchangeability. 1-ER-27; *see* Answering Br. 31. Third, the Court agreed that the App Store resides in a two-sided market for *transactions*. Slip Op. 41, 53. That determination refutes Appellants' arguments that its markets are one-sided. *See* Answering Br. 27–28; Opening Br. 28–30.\*

*Epic* also supports affirmance on alternative grounds, including that Appellants' *per se* tying claim fails as a matter of law. The court held that "*per se* condemnation is inappropriate" for

---

\* *Epic* does not address antitrust injury, the other threshold ground for affirmance, and much of *Epic*'s remaining analysis—including its discussion of separateness of products, agreement under Section 1, or competitive effects—rests on that case's factual record, distinct from the implausible allegations here. *See* Opening Br. 23 (arguing "the purported tied products in Epic Games (in-app purchases) differ[] from the tied products plead[ed] by Appellants (the app store, notary stamps, and onboarding software)").

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
May 4, 2023
Page 2

alleged "ties related to app-transaction platforms" like the App Store. Slip Op. 72–74; *see* Answering Br. 41.

The Court's decision in *Epic* thus confirms the Court should affirm the order below dismissing the complaint with prejudice.

Sincerely,

/s/ *Julian W. Kleinbrodt*

Julian W. Kleinbrodt