Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449

May 8, 2023

**VIA ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Coronavirus Reporter v. Apple Inc.*, Case Nos. 22-15166 & 22-15167

Gibson Dunn's 28(j) letter appears to misrepresent that the App Store is a tying platform, when it is in fact tied to iPhone devices. This, following their failure to provide any substantive answer to *Microsoft* analysis in the Opening Brief, creates serious ramifications as Apple engages in conduct which violates Sherman civil-criminal code.

The Opening Brief cited *Microsoft* "applies with distinct force when the tying product is platform software."(EOB p19) Unlike *Microsoft* and *Epic*, our tying claim does not involve a software platform as the tying product. Our tying product is a physical device. We cited Loyola Law Review which concluded that *Epic's* IAP tying claim did "not capture the full scope of Apple's tying conduct."

Apple's answering brief did not meaningfully address *Microsoft*, *Hewlett-Packard*, and related tech-tying cases. Per *Retlaw*, Apple's underdeveloped reply constitutes forfeiture.(*Reply* p9) Apple notably declined to defend their position in the April hearing.

Apple did not and cannot refute that every computing system historically permitted competing software stores. Software stores are simply not within the intent or scope of *Microsoft*, which meant to encourage first-mover innovation of features within software platforms. Apple was not the first-mover, as *Cydia* created the first iOS software store. By disallowing all traditional competing software stores, the App Store does not become a "feature" of a software platform as defined by Microsoft.

Our tying claim also extends to Notary Stamps, which *Epic* does not allege. Appellee uses the tying product to require purchase of Notary Stamps. Gibson Dunn reluctantly conceded that "Apple has an electronic signature [*i.e.* digital product]

that can identify a particular piece of software as having been approved." (Transcript @23:09). A jury may determine Notary Stamps fabricated by Apple are purchased through IAP commissions and developer fees. This constitutes a modern-day Stamp Tax on the internet.

*Northern Pacific* teaches *per se* condemnation of tying is appropriate when a pernicious effect exists on competition. Apple imposes a 30% tax on the lifetime use of iOS. We would condemn an automobile monopolist that required lifetime purchase of their own 30% surtaxed fuel. Apple's Stamp Tax is no different.

Sincerely,

/s/ Jeffrey D. Isaacs

Jeffrey D. Isaacs, M.D.