Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449


December 25, 2023

**VIA ECF**

Molly C. Dwyer, Clerk of Court
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:    *Coronavirus Reporter, et al. v. Apple, Inc.,* Case Nos. 22-15166 & 22-15167

Dear Ms. Dwyer,

Last December, Appellee wrote under 28(j) claiming the *Dreamstime* Google search-ranking ruling supported affirmance.*Dkt.56*. The Panel cited *Dreamstime* accordingly. Now, Appellee asks you to disregard the *Google Play* jury verdict as "unrelated…has no bearing."*Dkt.74*.

Likewise, at Appellee's suggestion, the court below and Panel relied upon *Epic's* non-binding determination that "single brand markets are disfavored." The *Google Play* jury demonstrated adeptness at determining market boundaries for digital apps, and indeed found a single-brand Android app distribution market.  Appellee asks you to reject that as "non-binding."

Appellee's positions are contradictory, violate the sanctity of the oath, and were rejected by a jury in three hours. The *Coronavirus* decision, representing years of Appellee's efforts to evade Sherman, rests upon a shattered foundation that must be re-decided.

The contradiction has been apparent to the press:

> *"Apple rules the iPhone's App Store with an iron fist — sideloading outside it is not allowed. Google lets anyone install any app on an Android phone. But guess which one of*

*these two companies has an illegal monopoly, according to the courts?"Ex.A.*

Last week, twelve nonprofits petitioned the DOJ[1] to investigate App Store censorship – the very same conduct *Coronavirus* seeks to redress. Notably differentiated for covering free apps — *Coronavirus* nonetheless concerns entirely identical censorship conduct to *Play Store*, Beeper, Parler, etc. Censorship will continue until this Court holds Appellee accountable under Sherman Act.

A jury rejected the idea of one software store with absolute censorship authority. This meets rehearing criteria of "exceptional importance." The Panel decision jeopardizes the very heart of the Sherman Act. Notably, it induced a California Law Dean to erroneously conclude:

> *"Antitrust law is a terrible tool for regulating content moderation, and it was never designed to let unwanted app developers force their way into app stores."Ex.B.*

The Dean has been miseducated by the Court – Sherman Act is actually an elegant instrument, born in 1890, that governs the tying of app stores to hardware phones – two FAC claims never addressed by the court below, Appellee, or the Panel. The decision must be urgently repaired by rehearing – the most appropriate solution – FRCP 60(b), or *certiorari*.

Sincerely,

/s/ Jeffrey D. Isaacs

Dr. Jeffrey D. Isaacs

---

[1] Exhibit C